410 A.2d 327

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Charles J. STICKLE.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed Sept. 14, 1979.

420

John J. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellant.

John P. Donohue, Jr., Assistant Public Defender, Norristown, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant Commonwealth contends (1) that appellee waived his objections to an extension of time under Rule 1100 by failing to appear at a scheduled evidentiary hearing on extension, (2) that the lower court erred in its original

determination that the issue of time extension was moot, and (3) that the trial court erred in dismissing the charges against appellee because of the failure to hold an evidentiary hearing on time extension within the Rule 1100 period. We disagree with all of these contentions and, accordingly, affirm the order of the court below.

On October 31, 1977, a criminal complaint was filed against appellee, who had escaped from the State Correctional Institution at Graterford on that day.[1] Appellee was arrested on November 3, 1977. A preliminary hearing and arraignment followed in due course. On January 22, 1978, the appellee's counsel filed a motion for a 60 day continuance.[2] On March 7, 1978, that continuance was granted.[3] On April 28, 1978, the Commonwealth filed a form petition for extension of time in which to commence trial. The court set a hearing date of June 8, 1978, on the motion for extension. On June 5, 1978, however, the Commonwealth moved for a continuance. Judge SMILLIE granted the Commonwealth's request without hearing testimony.[4] On June 8, 1978, neither party appeared at the extension hearing, and Judge SMILLIE ruled the issue moot as a result of the June 5th order. On June 20, 1978, the case was called for trial and dismissed by Judge LOWE due to the lack of an evidentiary hearing on the extension issue.

We have held that complete failure to contest the Commonwealth's petition to extend the time in which to commence trial under Rule 1100(c) constitutes a waiver of

1. Thus, the original Rule 1100 run date was April 29, 1978.

2. Although appellee contended in the court below that he sought only a 30 day continuance, the court below found that the issue was irrelevant to this appeal.

3. Thus, 30 days were excluded from the 180 day limit as a result of the continuance. The relevant date for Rule 1100 purposes was, therefore, moved back to May 29, 1978.

4. The Commonwealth sought a two week continuance because of a scheduling conflict with another trial in which the prosecution witnesses were under serious time constraints. The court granted a 60 day continuance. The order granting the continuance was written on a Rule 1100 waiver form.

the right to contest the time extension on its merits. *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977). Thus, where defendant fails to file a written answer to the petition *and* does not appear at the evidentiary hearing on the petition, he has waived the right to contest the extension. *Commonwealth v. Wilson*, 258 Pa.Super. 231, 392 A.2d 769 (1978); *Commonwealth v. Taylor, supra*. Although constitutional waiver standards do not apply to waiver of a challenge to an extension under Rule 1100, *Commonwealth v. Wareham*, 256 Pa.Super. 23, 31–32, 389 A.2d 581, 584 (1978), we will not find an implied waiver in every case in which defendant does not appear at the hearing on extension. *See, e. g., Commonwealth v. Brett*, 262 Pa.Super. 326, 396 A.2d 777 (1978) (no waiver where no notice of hearing).

Where the defendant does contest the extension the Commonwealth bears the burden of showing that despite its due diligence, the defendant cannot be brought to trial within the requisite period. Pa.R.Crim.P. 1100(c). *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979). We have repeatedly stated that conclusory, form petitions are insufficient to meet the Commonwealth's burden. *See, e. g., Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). Finally, where an extension of time is improperly granted, the appropriate relief is to dismiss the charges against the defendant, unless the trial was commenced within the 180 day period. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).

In the case at bar the Commonwealth contends that appellee waived his right to contest the petition for extension of time under Rule 1100 by failing to appear at the June 8, 1978, hearing on the petition. We hold that appellee did not waive this right. Appellee did contest the petition by written answer and motion to dismiss for violation of Rule 1100. Thus, it is clear that he did not intend to waive the right to challenge the extension. Moreover, the Commonwealth also failed to appear at the hearing on the petition to extend. Both parties apparently assumed that the continuance granted on June 5, 1978, was to take the

place of the extension sought by the Commonwealth. It would be anomalous to allow the Commonwealth now to assert that the appellee waived important rights by failing to appear at a hearing that both parties apparently believed to be unnecessary.

The Commonwealth also argues that the court should not have declared the extension issue moot at the June 8th hearing, but rather should have granted the petition to extend based upon the written petition and answer. Even if the issue were not moot, however, the Commonwealth would not have been entitled to a favorable disposition of its petition. The Commonwealth filed a form petition containing the bald allegation that it had exercised due diligence yet could not bring the defendant to trial within the Rule 1100 period. Because such a form petition is an insufficient basis upon which to grant an extension, the Commonwealth's petition could not have been properly granted. Moreover, the Commonwealth was not present to provide evidence in support of its petition and cannot now be permitted to present its arguments in favor of extension. Therefore, we also reject the Commonwealth's request to remand this case for an evidentiary hearing and affirm the order of the court below.

Order affirmed.