483 A.2d 537

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Raymond FISHER.**

Superior Court of Pennsylvania.

Argued April 24, 1984.

Filed Oct. 12, 1984.

450

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

William P. James, Philadelphia, for appellee.

Before McEWEN, CIRILLO and BECK, JJ.

## OPINION

CIRILLO, Judge:

The Commonwealth appeals from an order discharging appellee Raymond Fisher under Pennsylvania Rule of Criminal Procedure 1100.

This case arose from the rape of a seventeen-year-old girl in Philadelphia on July 20, 1976. A criminal complaint charging Fisher with the crime was filed the next day; however, Fisher managed to elude apprehension until November 11, 1978. At least seven times over the course of the next four years, Fisher was adjudged incompetent, and consequently could not be brought to trial for most of that period. On August 26, 1982, the Court of Common Pleas of

Philadelphia County found Fisher to be competent and ordered his case to proceed to trial on September 22, 1982. Before the date set for trial, Fisher's counsel, pursuant to Pa.R.Crim.P. 1100(f), moved to dismiss the charges on the ground that Fisher's right to a speedy trial had been denied. On the 22nd of September the court entertained arguments of counsel on the motion to dismiss. The court continued the trial to October 6, 1982, and reserved ruling on the motion until then. After reconvening on October 6th, the court granted the defense motion and discharged Fisher. We reverse.

■ Rule 1100, as applicable to this case, provides that the Commonwealth has 180 days from the filing of a criminal complaint to bring the defendant to trial. Pa.R. Crim.P. 1100(a)(2). Any delay beyond 180 days must be accounted for either by an extension granted to the Commonwealth under Rule 1100(c), or by an exclusion of time attributable to defense delay under Rule 1100(d). *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983). A defendant may enforce his rights under the rule by filing a petition to dismiss under Rule 1100(f).

After analyzing the long and tortuous procedural history of this case, we have concluded that all periods of delay beyond 180 days were properly accounted for under the rule, and hence discharge was erroneous.

■ It is beyond dispute that Fisher was a fugitive from justice for the period from 7/21/76 to 11/11/78, when finally he was arrested. Fisher absented himself throughout this entire period despite duly diligent efforts by the police to locate him, and the entire period must therefore be chalked up to unavailability and excluded from the Rule 1100 computation. *Commonwealth v. Winn*, 327 Pa.Super. 296, 475 A.2d 805 (1984); *Commonwealth v. Lyles*, 315 Pa.Super. 194, 461 A.2d 1237 (1983). Thus the 180 days the Commonwealth had to bring Fisher to trial did not begin to run until November 11, 1978.

■ The running of the period was tolled soon thereafter when, on December 21, 1978, the defendant requested and received a continuance of the preliminary hearing in order to undergo psychological evaluation of his competency. *See* Mental Health Procedures Act of July 9, 1976, P.L. 817, No. 143, § 402, effective in 60 days, *as amended by* Act of Nov. 26, 1978, P.L. 1362, No. 324, § 2, effective in 60 days, 50 P.S. § 7402. The testing resulted, on January 24, 1979, in a judicial declaration that Fisher was incompetent to stand trial. The law is clear that the Commonwealth is constitutionally barred from trying a defendant who is incompetent. *Commonwealth v. McQuaid,* 464 Pa. 499, 347 A.2d 465 (1975). Furthermore, our Court has held that a defendant is unavailable for purposes of Rule 1100 from the time he requests a continuance for evaluation of his competency until he is adjudged competent to stand trial. *Commonwealth v. Millard,* 273 Pa.Super. 523, 417 A.2d 1171 (1979); *Commonwealth v. Quinlan,* 259 Pa.Super. 536, 393 A.2d 955 (1978) (plurality opinion); *Commonwealth v. Reese,* 237 Pa.Super. 326, 352 A.2d 143 (1975) (allocatur refused); *See also Commonwealth v. Bell,* 328 Pa.Super. 35, 476 A.2d 439 (1984); Pa.R.Crim.P. 1100 Comment. Therefore, all delay stemming from appellee's continuance of 12/21/78 must be excluded from the run time.

The period of exclusion attributable to the December 21 continuance lasted until May 7, 1979, when Fisher was declared competent.[1] At that point, Rule 1100 commenced again to run until May 22, 1979, when the court ordered further psychiatric testing to determine Fisher's competency to stand trial. Fisher's psychological status remained undetermined until September 5, 1979, when again he was found incompetent.[2] Over the next year and a half, Fish-

---

1. On February 28, 1979, a judge of the Philadelphia Court of Common Pleas signed a bench notation that stated, "Information from ADA R. Myers indicates deft. has been declared competent." In the same notation, the court scheduled a preliminary hearing for March 7, 1979. The hearing took place as scheduled, and Fisher was held for court. We find that the court's bare reliance on the representations of assistant district attorney Myers were insufficient to constitute the required judicial finding of competency.

2. The trial court erroneously relied on *Commonwealth v. Fisher,* 283 Pa.Super. 370, 424 A.2d 510 (1981), for the proposition that appellee was available for

er's condition was repeatedly reevaluated; the incompetency finding of 9/5/79 was not reversed, however, until February 19, 1981, when the court declared him competent to stand trial.

■ The 180-day period ran again until May 5, 1981, on which date defense counsel was unavailable for trial and the defendant waived the running of the rule until September 28, 1981. Meanwhile, on September 1, 1981, the court again ordered Fisher to undergo psychiatric examination, thus tolling the rule. On October 1, 1981, the court found Fisher incompetent and ordered him committed for treatment pursuant to the Mental Health Procedures Act. Fisher was not again adjudged competent until November 6, 1981. The entire period between 5/5/81 and 11/6/81 must be excluded from the Rule 1100 computation as attributable to appellee's waiver of the rule, *see Commonwealth v. Dunbar,* 503 Pa. 590, 470 A.2d 74 (1983); *cf.* Pa.R.Crim.P. 1100(d)(2) (effective January 1, 1982), or to his uncertain competency status, *see supra.*

The running of the rule was tolled again on November 20, 1981, when the case was continued due to Fisher's apparent relapse to incompetency. On November 24, he was recommitted for lack of competency. He was next found competent on December 30, 1981. As of the 30th of December, 1981, according to our calculation, only 140 days of the Rule 1100 period had elapsed. These 140 days not excludable under Rule 1100(d) were:

| | |
|---|---|
| 11/11/78–12/20/78 | 39 days |
| 5/7/79 – 5/21/79 | 14 |
| 2/19/81– 5/4/81 | 74 |
| 11/6/81 –11/19/81 | 13 |
| **Total** | **140 days** |

In arriving at our figure, we have applied 1 Pa.C.S. § 1908, which mandates that in computation of statutory time peri-

those periods during which he was hospitalized for testing but not officially adjudged incompetent. Such a reading of *Fisher* conflicts with the clear holdings of *Millard, Reese,* and *Quinlan, supra. Fisher* held only that a defendant is not unavailable when he has been adjudged competent but remains committed pursuant to the civil provisions of the Mental Health Procedures Act.

ods, the first day of the period be excluded and the last day included in the computation. *See Commonwealth v. Sanford,* 497 Pa. 442, 441 A.2d 1220 (1982) (1 Pa.C.S. § 1908 applicable to Rule 1100 calculations). The dates on which appellee or his counsel became unavailable for trial—12/21/78, 5/22/78, 5/5/81, and 11/20/81—must be excluded from the computation, since obviously the Rule 1100 period cannot continue to run on days on which the Commonwealth is prevented from proceeding in the case. *See Commonwealth v. Lyles, supra.*

■ Returning our attention to the adjudication of competency entered 12/30/81, the court that same day, *by agreement of counsel,* extended the Rule 1100 run date to March 30, 1982, and continued the case to February 18, 1982. On February 18, the defendant received a continuance so that the public defender could withdraw from the case and new counsel be appointed. Shortly thereafter, the court again ordered psychiatric testing for the defendant, who was again declared incompetent on February 25, 1982. He remained under incompetency commitment until August 26, 1982, when he was found competent again. There is no question that the entire period commencing February 18 and ending August 26 was excludable from the Rule 1100 period, as time consumed either by a defense-requested continuance, *see* Rule 1100(d)(3)(ii) & Note, or the unavailability of the defendant, Rule 1100(d)(3)(i).

■ The real crux of this case is the treatment to be accorded the period 12/30/81–2/18/82. We find that this period was *excludable* under the holding of *Commonwealth v. Guldin,* 502 Pa. 66, 463 A.2d 1011 (1983). *See Commonwealth v. Byrd,* 493 Pa. 178, 183 n. 7, 425 A.2d 722, 724 n. 7 (1981) (it is for the appellate court to decide the legal consequences of periods of delay under Rule 1100(d)). In *Guldin* our Supreme Court held that where the Commonwealth is prepared to go to trial within the Rule 1100 period, and for reasons of trial strategy defense counsel acquiesces in a purported 1100(c) extension beyond the regular run date, the period of extension may be treated as

*excludable* continuance time under 1100(d). Postponement of trial was found to be in the defendant's best interests in *Guldin* for a number of strategic reasons. In the present case as well, it is clear that postponement of trial on 12/30/81 could only inure to the benefit of the defendant. Fisher's incompetency was a major factor working in his favor as far as the criminal charges against him were concerned. Indeed, the defendant, through his various counsel twice moved to discharge the prosecution against him on the basis that he was likely to remain incompetent indefinitely. *See* 50 P.S. § 7403(d), (e). The second such motion, filed by appellee's present counsel on April 28, 1982, was made possible only by the public defender's decision to acquiesce in and take advantage of the extension of the Rule 1100 run date to March 30, 1982. It will be remembered that when the public defender agreed to the extension on December 30, 1981, appellee had just been adjudged competent. However, only by countenancing further delay at that point could the public defender hope, on the contingency of a relapse by appellee into incompetency (as had happened so many times before), to renew at a later point the request for discharge on the ground of continuing incompetency. As it turned out, appellee later was in fact adjudged incompetent again, after the court on 2/22/82 continued his case for psychiatric examination. This point would never have been reached if not for the extension to March 30, 1982, because otherwise the Rule 1100 period would have expired on February 8, 1982, forty days after the adjudication of competency on 12/30/81. Barring unforeseen circumstances, and presuming as we must that the Commonwealth would have proceeded diligently during those forty days, appellee would have been tried without another opportunity to raise the issue of continuing incompetency. *See Jones v. Commonwealth*, 495 Pa. 490, 434 A.2d 1197 (1981) (Court presumed Commonwealth would have made pro forma requests for extension which would have been granted had the Rule 1100 period not been stayed by appeal).

It is said that delay is a defendant's best lawyer. Where, as here, the defendant has assented to a period of delay and later takes advantage of it, we should be loath to find a violation of the accused's speedy trial rights. *See Commonwealth v. Terfinko*, 504 Pa. 385, 474 A.2d 275 (1984); *Commonwealth v. Dunbar, supra; see also Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981).

Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society," *Commonwealth v. Brocklehurst*, 491 Pa. 151, 153–154, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton* 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197 n. 4, 409 A.2d 308 n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

. . . .

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Commonwealth v. Genovese*, 493 Pa. 65, 69–70, 72, 425 A.2d 367, 369–70, 371 (1981).

Here it is crystal clear that the Commonwealth engaged in no misconduct designed to thwart Fisher's right to be brought speedily to trial. The record shows the contrary, that the Commonwealth was ever ready to afford appellee his precious right to a speedy trial, and was repeatedly frustrated in its efforts by the unfortunate happenstance of appellee's bouts with mental infirmity.

When finally the court declared Fisher competent on August 26, 1982, it immediately scheduled the case for trial on September 22, 1982. As we said at the outset, on the trial date the court took up appellee's Rule 1100(f) motion instead, granting that motion on October 6, 1982. The Commonwealth in the meantime had filed an 1100(c) petition for extension on September 24. The court dismissed this petition as untimely. However, under our calculation there were still forty days of run time left when appellee became available on August 26, 1982. Clearly the Commonwealth's petition was filed within forty days of August 26, and thus was timely. The court's erroneous refusal to rule on the merits of the Commonwealth's extension petition must be remedied by reinstatement of the petition for consideration on remand. *Cf. Commonwealth v. Paprocki*, 327 Pa.Super. 270, 475 A.2d 792 (1984).

As regards the period following August 26, 1982, we note further that under *Commonwealth v. Robinson*, 498 Pa. 379, 446 A.2d 895 (1982), the time to be excluded under Rule 1100(d) is not limited to the time during which the defendant is unavailable, but also encompasses the actual delay caused by the defendant's unavailability. *Accord, Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977); *Commonwealth v. Bell, supra; Commonwealth v. Derrick*, 322 Pa.Super. 517, 469 A.2d 1111 (1983); *Commonwealth v. Colon, supra; Commonwealth v. Perry*, 296 Pa.Super. 359, 442 A.2d 808 (1982). Assuming that on August 26 the hearing court acted diligently and set trial for September 22 because it was the earliest practicable trial date, the entire delay up to and including September 22 was excludable under Rule 1100(d). *See Robinson, supra.*

The order discharging appellee must be reversed, and the case remanded for proceedings consistent with this opinion.

Reversed and remanded; jurisdiction relinquished.

BECK, J., concurred in the result.