518 A.2d 579

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**John E. ARMSTEAD, Jr., Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1986.

Filed Dec. 4, 1986.

Leonard Deutchman, Assistant District Attorney, Philadelphia, for Com., appellant.

Jeffery P. Shender, Assistant Public Defender, Philadelphia, for appellee.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County discharging the defendant-appellee, John Armstead, on the grounds that the Commonwealth failed to comply with Pa.R.Crim.P. 1100. We reverse.

The Commonwealth filed a criminal complaint against the appellee on November 3, 1982, charging him with burglary and attempted theft. Under the 180 day period mandated by Rule 1100, appellee's mechanical run date was May 2, 1983. The run date is the date by which the Commonwealth must bring a defendant to trial under Rule 1100. *See* Pa.R.Crim.P. 1100. Appellee was given a trial date of January 12, 1983 which was later relisted, first to February 9 and then to April 12. The relisting became necessary when the State Legislature failed to fill certain judicial vacancies. The appellee was adjudged incompetent to stand trial on April 12. He was not adjudged competent to stand

trial until July 1, 1983 when the matter was continued to October 21, 1983 and marked *MUST BE TRIED.* The Commonwealth was unable to proceed to trial on October 21, 1983 due to the unavailability of a Commonwealth witness and a continuance was granted to October 24. On that date a Rule 1100 hearing was held and the defendant was dismissed.

The court determined that the Commonwealth had not brought the appellee to trial within 180 days. The trial judge held that once the defendant was declared competent on July 1, he became available for trial. Therefore, the court reasoned that the period between July 1 and October 21 must be included for Rule 1100 purposes, meaning that the Commonwealth exceeded the permissible run date by several months.

The Commonwealth presents two issues on appeal: (1) whether the period of unavailability attributable under Rule 1100 to a defendant declared incompetent to stand trial extends only to the date he is declared competent or extends to the next available trial date; and (2) whether judicial unavailability caused a delay from November, 1982 to April 12, 1983, thereby tolling the 180 day period under Rule 1100.

Under the Pennsylvania Rules of Criminal Procedure, the Commonwealth must bring an accused to trial within 180 days of the filing of a criminal complaint against him. The Commonwealth may only try a defendant beyond the 180 day period if the period of time exceeding 180 days was automatically excludable under the Rule or was excluded by virtue of a valid court order. *See* Pa.R.Crim.P. 1100. In the instant case, the Commonwealth asserts that even if the 180 day period was running from November 3 to April 12, it was tolled from April 12 to October 21 because of the appellee's unavailability. Appellee argues that he was only unavailable for trial from the date he was adjudged incompetent, April 12, to the date he was found competent, July 1. Therefore, the 180 day period restarted on July 1, the date he again became available. The Commonwealth

agrees that appellee was unavailable from April 12 to July 1. However, they claim that the appellee should also be considered unavailable from July 1 until the next available trial date which they assert as October 21. The Commonwealth argues that the period to October 21 encompasses the full amount of delay caused by the appellee's unavailability. We agree with the Commonwealth.

■ It is well settled that any delay caused by the unavailability of a defendant is excluded from computation of the Rule 1100 period. *Commonwealth v. Colon,* 317 Pa.Super. 412, 424, 464 A.2d 388, 395 (1983). However, this Court has consistently distinguished between a period of unavailability and the delay caused by that unavailability. In *Colon,* we held that it is the latter time period which is excludable under the Rule. "If the unavailability results in an actual delay in the proceedings, that delay is automatically excluded." *Id.,* 317 Pa.Superior Ct. at 425, 464 A.2d at 395. *See also Commonwealth v. Bell,* 328 Pa.Super. 35, 44, 476 A.2d 439, 444 (1984) (defendant's unavailability may cause a delay greater than the actual period of unavailability and such entire period may be excluded); *Commonwealth v. Perry,* 296 Pa.Super. 359, 362, 442 A.2d 808, 810 (1982) (period of delay not limited to period of unavailability).

■ Appellee contends that he was available for trial on July 1 when he was adjudged competent and the Rule 1100 period should start on that date. However, this assertion ignores the applicable precedent cited above. The key inquiry is not the period of a defendant's unavailability but the period of delay caused by that unavailability. Appellee cites *Commonwealth v. Fisher,* 283 Pa.Super. 370, 424 A.2d 510 (1980) as contrary authority. In *Fisher,* the defendant was adjudged incompetent to stand trial for a period of 193 days. The defendant was then adjudged competent for trial though he was committed to a mental hospital for a period encompassing 212 days. The defendant argued that he was available for trial during that 212 day period and on appeal this Court agreed. *Id.,* 283 Pa.Superior Ct. at 374, 424 A.2d

at 511. However, the issue in *Fisher* was when did the defendant become "available" for trial. The case does not address whether excludable delay under Rule 1100 is limited to the period of unavailability. Therefore, it is inapplicable to appellee's argument. As shown above, we have consistently held that in deciding when the Rule 1100 period restarts, courts must determine the extent of delay caused by the defendant's unavailability.

In another case, also captioned *Commonwealth v. Fisher*, 334 Pa.Super. 449, 483 A.2d 537 (1984), we held that the actual delay caused by a defendant's unavailability includes the period of time from the date of his availability until "the earliest practicable trial date...." *Id.*, 334 Pa.Superior Ct. at 458, 483 A.2d at 541–42. In the case at bar, the Commonwealth claims that October 21 was the earliest practicable trial date. In support thereof, the Commonwealth presents the Quarter Sessions file marked *MUST BE TRIED* with a relisting date of October 21. In *Commonwealth v. Harris*, 315 Pa.Super. 544, 462 A.2d 725 (1983), we held that uncontested notations in the court record are sufficient to prove the earliest possible trial date. *Id.*, 315 Pa.Superior Ct. at 551, 462 A.2d at 729. In this case, the uncontested court record shows that the earliest possible trial date was October 21. Therefore, the Rule 1100 period was tolled from April 12 to October 21 because that was the actual delay caused by the defendant's unavailability. On October 24, when the court dismissed the charges against appellee, the 180 day period still had several weeks left to run. Thus, the trial court's order was in error and we must reverse.

Because of our disposition of this issue, it is unnecessary for us to discuss the second issue presented by the appellant. However, we must note that the appellant failed to raise this issue in the trial court and therefore, has not preserved it for appeal. *Commonwealth ex rel. Loveday v. Myers*, 422 Pa. 483, 487, 222 A.2d 725, 728 (1966).

Order reversed and remanded for further proceedings in compliance with this opinion. Jurisdiction relinquished.