542 A.2d 200

John Joseph Slater, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 16, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John C. Armstrong,* Chief, Parole Division, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, June 1, 1988:

John Slater appeals from a denial of administrative relief by the Pennsylvania Board of Probation and Pa-

role which had ordered that Slater be recommitted as a convicted parole violator. The broad issue raised by Slater is the timeliness of his parole revocation hearing.

On January 6, 1984, Montgomery County authorities arrested Slater, already on parole, on charges of rape and related offenses. On February 3, 1984, Slater requested that his revocation hearing be continued pending disposition of the criminal charges, and of sentencing and post-trial motions, if convicted.

On February 14, 1985, when Slater pleaded guilty to the new crime, Judge STEFAN of the Montgomery County Common Pleas Court sentenced Slater to a term of 2-to-5 years and ordered that he be transferred to Farview State Hospital for treatment. The transfer from the state correctional institution at Graterford to Farview occurred on March 1, 1985.

While at Farview, Slater requested that he be given his final revocation hearing. The board denied this request, citing board policy. On November 1, 1985, Slater returned to the state correctional institution. The board held a revocation hearing for Slater on January 2, 1986.

Slater contends that, while in Farview, he was in the custody and control of state authorities and available for his hearing. Therefore, his hearing should have been held within the 120-day time limit established by 37 Pa. Code §71.4(2)(i).

Section 71.4(2) states that:

(2) *The hearing shall be held within 120 days* from the date the board received official verification of the plea of guilty or nolo contendere of the guilty verdict at the highest trial court level *except as follows:*

. . . .

    (i) *If the parolee is confined outside the jurisdiction of the Department of Corrections,*

such as confinement out of state, confinement in a federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full board revocation hearing required by Commonwealth of Pennsylvania, ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), *in which case the final revocation hearing shall be held within 120 days of the official verification of the board of the return of the parolee to a state correctional facility.* (Emphasis added.)

The precise premise of Slater's appeal here is that Farview State Hospital should be considered to be within the jurisdiction of the Department of Corrections because he was under control of state authorities and available for his hearing while at Farview. Furthermore, Slater contends that, because the board sends its hearing examiners to state correctional institutions and county prisons to conduct revocation hearings, "there is no valid reason why the board should not conduct hearings at Farview State Hospital as it is certainly foreseeable that its clients may be at that institution."

However, because the Board of Trustees of Farview State Hospital is a departmental administrative board within the Department of Public Welfare, section 202 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §62, *not* the Department of Corrections, there is a valid reason for the Board of Probation and Parole to refrain from intrusion. Slater cites no authority for concluding otherwise.

Slater also contends that Pa. R. Crim. P. 1100, which requires a criminal trial within 180 days from the date of the criminal complaint, is analogous to the 120-day rule of section 71.4(2). He then relies on *Commonwealth of Pennsylvania v. Fisher,* 283 Pa. Superior Ct. 370, 424 A.2d 510 (1980), to contend that his stay at

Farview is not excludable time. In *Fisher*, the court held that, when a defendant is competent to stand trial, time spent in a mental health care facility for treatment is not excludable time under provisions of the 180-day rule.

Although both rules address timeliness, the comments of Pa. R. Crim. P. 1100 toll the running of the time period when a defendant is unavailable by reason of being "physically or mentally incompetent to proceed."

However, the standard for the tolling of time under section 71.4(2) pertains solely to when the parolee is outside the jurisdiction of the Department of Corrections, and competence is not involved. Pa. R. Crim. P. 1100 contains no similar specifications. Therefore, the analogy fails.

In conclusion, because time at the state hospital constitutes time confined outside the jurisdiction of the Department of Corrections, the 120-day period did not run during the eight months Slater spent at Farview. With Slater's hearing occurring within 120 days of his time spent at a state correctional facility, the board met the timeliness requirement of section 71.4(2)(i).

Accordingly, we affirm.

## ORDER

NOW, June 1, 1988, the order of the Pennsylvania Board of Probation and Parole, at No. M-4908, dated April 23, 1986, is affirmed.