641 A.2d 1207

**COMMONWEALTH of Pennsylvania**

v.

**Barry G. WENTZEL, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1994.

Filed May 17, 1994.

Linda F. Gerencser, Asst. Public Defender, Lancaster, for appellant.

Bruce A. Roth, Asst. Dist. Atty., Lancaster, for the Com., appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

CIRILLO, Judge:

Barry G. Wentzel, Jr. appeals from a judgment of sentence entered in the Court of Common Pleas of Lancaster County on October 26, 1993. Wentzel argues that the trial court erred in denying his Rule 1100 motion to dismiss. We find Wentzel's argument without merit and, therefore, affirm.

Rule 1100 requires that a defendant, at liberty on bail, must be brought to trial within 365 days from the date on which the complaint was filed. Pa.R.Crim.P. 1100(a)(3). Subsection (c)(3) of Rule 1100 provides that certain time periods are to be excluded in the calculation of the 365 days, including any delay that results from (i) the unavailability of the defendant or his attorney or (ii) any continuance granted at the request of the defendant or his attorney. *Id.*

The criminal complaint in this case was filed on March 26, 1991, which established a run date of March 25, 1992.[1] A preliminary hearing was scheduled for May 6, 1991, but was continued upon Wentzel's request. The preliminary hearing was eventually held on July 29, 1991. The continuance resulted in 84 days of delay, which was attributable to Wentzel and was, therefore, excludable. Thereafter, Wentzel was unavailable when the case was listed for trial on November 18, 1991, and remained unavailable until December 20, 1991, at which time his bail was reinstated.[2] Wentzel's case was listed for trial September 9, 1992.

Wentzel concedes that as a result of his motion for continuance and his failure to appear for the November 18, 1991 trial, 134 days should be excluded from the determination. As a result of this excludable time, Wentzel contends that the listing of his case on September 9, 1992, would be 399 "countable" days from the date of the filing of his complaint.

The Commonwealth asserts that as a result of his failure to appear for the November 18, 1991 trial, an additional 55 days should be excluded from the Rule 1100 computation. As a result, the Commonwealth asserts that the excludable time is 189 days, and, therefore, the listing of Wentzel's case on September 9, 1992, was 344 "countable" days from the date of the filing of his complaint.

The present dispute, therefore, surrounds the amount of time excludable as a result of Wentzel's failure to appear for

1.  Wentzel was charged with Driving Under the Influence of Alcohol, 75 Pa.C.S.A. § 3731(a)(1) and (a)(4), Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705, Simple Assault, 18 Pa.C.S.A. § 2701(a)(1), and three summary offenses pursuant to the Vehicle Code.

2.  In *Commonwealth v. Steltz*, 522 Pa. 233, 560 A.2d 1390 (1989), the Pennsylvania Supreme Court held that one's voluntary absence from a day set for trial within Rule 1100 is a waiver of that rule, and one is thereafter estopped from asserting a Rule 1100 violation. However, in *Steltz*, the defendant appeared before court for the trial call and then clearly left town before the jury selection later that day. In the instant case, it appears from the evidence on the record that there was some confusion as to the November 18, 1991 trial date. Wentzel's immediate contact with the court after learning about the missed date supports his contention that his failure to appear before court was not voluntary under *Steltz*.

his November 18, 1991, trial date. Wentzel argues that following the reinstatement of bail on December 20, 1991, the next term of court in which his case could have been tried was January 7, 1992. The Commonwealth argues that because of Wentzel's unavailability in November and December, his case was not placed on the January, 1992 trial list. The Commonwealth asserts that the next time Wentzel's case could have been listed for trial in the ordinary course of court business was in the March, 1992 term, resulting in 55 additional excludable days. With these 55 additional days, the Commonwealth was required to attach the case for trial by September 30, 1992. In fact, the case was attached for trial September 9, 1992.

The test to be met is whether the Commonwealth's efforts to bring the defendant to trial were reasonable and pursued with due diligence. *Commonwealth v. Koonce*, 511 Pa. 452, 460, 515 A.2d 543, 547 (1986). Therefore, in determining whether the trial court erred in denying Wentzel's Rule 1100 motion to dismiss, the sole question presented to this court is:

Whether the additional 73 day delay is attributable to Wentzel's failure to appear in court on November 18, 1991, or is attributable to a lack of due diligence on the Commonwealth for failing to attach the case for trial in the January, 1992 term?

Under Rule 1100, the Commonwealth may exclude not just the time that the defendant or his attorney is unavailable for trial, but the entire period of delay that results from such unavailability. *Commonwealth v. Gorham*, 341 Pa.Super. 499, 491 A.2d 1368 (1985). The Superior Court has further held that "the actual delay caused by the defendant's unavailability includes the period of time from the date of his unavailability until 'the earliest practicable trial date....'" *Commonwealth v. Armstead*, 359 Pa.Super. 88, 92, 518 A.2d 579, 582 (1986) (quoting *Commonwealth v. Fisher*, 334 Pa.Super. 449, 458, 483 A.2d 537, 541–42 (1984)). "Any delay caused by the unavailability of a defendant is excluded from computation of the Rule 1100 period." *Armstead*, 359 Pa.Super. at 91, 518 A.2d at 581.

"Although the standard of due diligence does not require the Commonwealth to exercise every conceivable effort, it does require the Commonwealth to make reasonable efforts." *Commonwealth v. Johnson*, 405 Pa.Super. 363, 370, 592 A.2d 706, 709 (1991) (quoting *Commonwealth v. McCutcheon*, 339 Pa.Super. 8, 14, 488 A.2d 281, 284 (1985)). The test in determining whether the Commonwealth acted with due diligence is one of reasonableness under the circumstances. *Commonwealth v. Burke*, 344 Pa.Super. 288, 496 A.2d 799 (1985). In light of the foregoing standards, we find that the delay period was not attributable to a lack of due diligence on the Commonwealth's part.

To support his argument, Wentzel relies on *Commonwealth v. Browne*, 526 Pa. 83, 584 A.2d 902 (1990). In *Browne*, the Pennsylvania Supreme Court held that the Commonwealth's inability to correctly "track" a case and bring it to trial before the running of the Rule 1100 time period was not an exercise of due diligence. However, in *Browne*, the Defendant was available at the time the court failed to include his case on the upcoming trial list. In the instant case, Wentzel was unavailable at the time of the compilation of the January, 1992 trial list.

The Commonwealth contends that in the ordinary course of court business, the earliest practicable date for Wentzel's case to be attached for trial was the March, 1992 term. We agree.

On December 20, 1991, when Wentzel became available, the upcoming January trial list had already been compiled and distributed two weeks earlier. To change the trial list, at this point, would not have been practicable for the court. Once a trial list is compiled and distributed, a change in the list requires the court to contact and accommodate numerous attorneys and defendants. Clearly, the Commonwealth's failure to rearrange the trial list for a defendant who has suddenly made himself available for trial is not a failure to exercise due diligence. Considering all the facts and circumstances in this case the Commonwealth made a reasonable effort. *See Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981); *see also Commonwealth v. Johnson*, 305 Pa.Super.

310, 451 A.2d 546 (1982). Thus, the next practicable date in which Wentzel's case could have been attached for trial was March 2, 1992, the next term for the Lancaster County Court of Common Pleas.

We conclude, therefore, that the time from November 18, 1991 to the next practicable court date on March 2, 1992, is attributable to Wentzel and can be excluded by the Commonwealth for Rule 1100 computation. *Armstead, supra.* With the exclusion of this time period, the Commonwealth's attachment of Wentzel's case for trial on September 9, 1992 properly brings Wentzel for trial within 365 "countable" days under Rule 1100. Pa.R.Crim.P. 1100. Accordingly, there is no merit to Wentzel's claim.

Judgment of sentence affirmed.