J-S14034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ODELL ASHFORD, JR., | : | |
| | : | |
| Appellant | : | No. 824 MDA 2016 |

Appeal from the Judgment of Sentence April 13, 2016,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0000864-2015

BEFORE:    GANTMAN, P.J., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 16, 2017**

Odell Ashford, Jr. (Appellant) appeals from the judgment of sentence of costs, fines, and 90 days of imprisonment imposed following his convictions for, *inter alia*, driving while operating privilege suspended or revoked.  We vacate Appellant's judgment of sentence and discharge him.

The underlying facts are as follows.

On January 2, 2015, Officer Michael Carpenter performed a vehicle stop on a green Plymouth van.  The officer made the decision to stop the vehicle because the passenger side reversing lamp was inoperative, a taillight was broken and covered with tape, and because the driver's side door was held fast by means of a rope or bungee cord, which all violated the inspection code.  Upon approach, the officer was informed by [] Appellant that he did not have his driver's license.  [] Appellant never provided his identification or insurance card.  The defense stipulated to the authenticity of the driving record, which indicated that [] Appellant's license had expired on September 30, 1981 and that [] Appellant's license was suspended for a refusal to submit to chemical testing in 1980.  Additionally, at

*Retired Senior Judge assigned to the Superior Court.

the time of the incident, [] Appellant's license would not have been restored.

Trial Court Opinion (TCO), 9/9/2016, at 3 (citations omitted).

On January 2, 2015, a criminal complaint was filed against Appellant. Among the charges was a count for possession of a controlled substance without a valid prescription. Complaint, 1/2/2015, at Count 2. A pretrial conference was held on June 15, 2015, at which Appellant's counsel requested that the case be listed for trial during the September 2015 term instead of the July 2015 term to give him time to procure evidence that Appellant had a valid prescription. The trial court entered an order that provided as follows.

> We note the case is to be scheduled for trial. The request is for listing during the September term. The Commonwealth is in agreement with that, with the stipulation that the Rule 600 time runs against [Appellant]. The defense has acknowledged that or agreed that is the case.
>
> This will then be listed in September for the list of criminal jury trials, unless it is heard earlier by a bench trial.

Order, 6/15/2015.

For reasons not apparent from the record, the case did not proceed to trial in September 2015 or at any time before March 3, 2016, when the Commonwealth filed a motion to schedule the case for a nonjury trial. By order of April 6, 2016, the trial court scheduled a bench trial for April 13, 2016. On April 12, 2016, Appellant filed a motion to dismiss pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure. The trial court

heard and denied the motion immediately before the April 13, 2016 trial, at which it found Appellant guilty of driving with a suspended license and other summary offenses and sentenced him as indicated above.[1]  Appellant's timely-filed post-sentence motion was denied on April 25, 2016.

Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.  Appellant presents one question for our review: "Whether the trial court erred in denying Appellant's motion to dismiss… based upon Rule 600 by finding that the Commonwealth exercised due diligence?"  Appellant's Brief at 4.

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review ... is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court.  An appellate court must view the facts in the light most favorable to the prevailing party.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society.  In determining whether an accused's right to a speedy trial has been violated, consideration must be given

---

[1] The trial court acquitted Appellant of driving under the influence - general impairment.

to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Commonwealth v. Watson*, 140 A.3d 696, 697-98 (Pa. Super. 2016),

(quoting *Commonwealth v. Peterson*, 19 A.3d 1131, 1134–35 (Pa. Super. 2011)).

The text of Rule 600 is as follows, in pertinent part.

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

* * *

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

\* \* \*

(D) Remedies

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

In the instant case, the written complaint was filed against Appellant on January 2, 2015. Hence, under subsection (A)(2)(a), Appellant's trial was required to commence by January 2, 2016. The trial actually commenced on April 13, 2016, which is 102 days late.

The trial court determined that the trial was timely commenced under subsection (C)(1) because there were sufficient periods of delay that were not caused by the Commonwealth's failure to exercise due diligence. TCO, 9/9/2016, at 7-10. Specifically, the trial court held that the entire 102 days between the June 15, 2015 pretrial conference and the last day of the

September trial term was a delay attributable to Appellant.[2] *Id.* at 8. Further, the trial court held that the Commonwealth exercised due diligence in seeking to comply with Rule 600 because it notified the trial court of the impending, adjusted Rule 600 deadline in its March 3, 2016 motion.[3] *Id.* at 8-9.

Appellant disputes the trial court's calculation of excludable time as well as its determination that the Commonwealth exercised due diligence in bringing him to trial.[4] We agree with Appellant on both counts.

---

[2] In its Pa.R.A.P. 1925(a) opinion, the trial court offers this calculation, as well as some alternative calculations, to support the proposition that the trial was commenced before adjusted 365-day period had expired. However, at the time it ruled on the motion, Appellant's counsel asked "just so the record is clear, are you denying the motion because the adjusted run date has not passed, or are you denying it on due diligence reasons?" N.T., 4/13/2016, at 10. The trial court responded "I'm finding that the Commonwealth sufficiently exercised due diligence within that -- those time limitations to bring the case to trial." *Id.* However, because we may affirm on any basis apparent from the record, we will consider whether either basis justifies the denial of Appellant's motion. ***Commonwealth v. Williams***, 73 A.3d 609, 617 (2013) ("This Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis.").

[3] The Commonwealth's motion did not indicate with specificity its view of the date by which Appellant had to be tried. It merely states that the "Commonwealth has calculated [Appellant's] Rule 600 date to be in April 2016." Motion to Schedule Non-jury Trial, 3/3/2016, at ¶ 1.

[4] In support of his argument, Appellant's counsel has cited and attached an unpublished, non-precedential memorandum decision of this Court filed in another York County case in which he represented a different, unrelated defendant. Appellant's Brief at 11, Appendix D. Presently, our internal operating procedures provide that, with exceptions not applicable in the instant case, "[a]n unpublished memorandum decision **shall not be relied upon or cited by** … **a party in any other action or proceeding**…." Pa.

First, in calculating the period of delay attributable to a defendant, "the actual delay caused by the defendant's unavailability includes the period of time from the date of his unavailability until the earliest practicable trial date…." **Commonwealth. Wentzel**, 641 A.2d 1207, 1209 (Pa. Super. 1994) (citation and internal quotation marks omitted). Here, Appellant requested his continuance at the June 15, 2015 pretrial conference. However, as the Commonwealth acknowledged, the case could not have been called for trial on June 16. N.T., 4/13/2016, at 5. Rather, at that point the earliest possible trial date Appellant could have received was the first day of the July trial term, which was July 6, 2015. Thus, Appellant's unavailability did not commence until July 6, 2015. In other words, the 21 days between the pretrial conference and the beginning of the July term were not attributable to his continuance request.[5]

Further, Appellant did not ask to have his case heard at the end of the September trial term. Rather, implicit in his request that the case be listed on the September term is that his unavailability would cease by the time that term began, such that he would be ready to proceed to trial on any day

---

Super. IOP § 65.37 (emphasis added). Accordingly, we have not considered that decision in our resolution of the instant appeal.

[5] Not only is such a holding logically sound, but, as Appellant notes in his brief, to rule otherwise would encourage defendants to wait to request a continuance until the last possible moment before trial was set to begin, which would waste court resources and the prosecution's time in preparing for trial, as well as unnecessarily inconveniencing subpoenaed witnesses. Appellant's Brief at 12.

during that term.[6]   In explaining its decision to the contrary, the trial court references the York County local practice that the period of delay attributable to a defendant who requests a continuance concludes on the last day of the requested term.  TCO, 9/9/2016, at 6.  However, the trial court acknowledged in its opinion that such practice is neither memorialized in any written form, nor consistent with this Court's precedent.  *Id.* (citing *Wentzel*, 641 A.3d at 1209).

Therefore, the period of delay attributable to Appellant's continuance request was the 64 days between the start of his unavailability on the first day of the July term and the end of his unavailability on the first day of the September term, which was September 8, 2015.  Excluding that time from the calculation, the Commonwealth had until March 6, 2016, to bring Appellant to trial.

Appellant's case was not listed for trial during the September 2015 term.  Nor was it listed during the November 2015 term, the January 2016 term, or the March 2016 term.   Rather, on March 3, 2016, the Commonwealth for the first time filed a motion to list the case for a trial.

---

[6] In its opinion, the trial court offered the following commentary on this issue. "Were the defense to argue that it did not need 102 days to procure the prescription, we would be left to wonder why the 21 days from June 15, 2015 to the start of the following term on July 6, 2015 were insufficient to obtain proof of a prescription."  TCO, 9/9/2016, at 8.  A reasonable answer to this hypothetical question is that Appellant thought he might require more than 21 days to obtain the evidence, but was confident that he could get it within the 85 days between the pretrial conference and the beginning of the September term.

Specifically, the Commonwealth indicated in its motion that the case should be listed for a nonjury trial because it had opted not to pursue the charge that Appellant had possessed a controlled substance without a valid prescription, and that was the only count that had entitled Appellant to a jury trial. Motion to Schedule Non-jury Trial, 3/3/2016, at ¶¶ 6-7. By order of April 6, 2016, the trial court granted the motion and scheduled the case for a non-jury trial to take place on April 13, 2016.

In its opinion, the trial court indicated that the delay between the Commonwealth's filing its motion and the court's scheduling the trial was not to be included in the Rule 600 calculation. Instead, "by listing the case for trial and making an effort to schedule the case for a bench trial, the Commonwealth demonstrated due diligence." TCO, 9/9/2016, at 9. The following principles guide our review of this determination.

> [T]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time, and the Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. As has been oft stated, [d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

***Commonwealth v. Dixon***, 140 A.3d 718, 722–23 (Pa. Super. 2016).

Here, there is no evidence in the record to explain what measures, if any, the Commonwealth took between the end of the September 2015 term, by which time the case was supposed to have been listed for trial, and March

- 9 -

3, 2016, to ensure compliance with Rule 600. Moreover, there is no record evidence to establish what procedures, if any, the Commonwealth has in place to monitor cases for Rule 600 purposes. **Compare Commonwealth v. Bradford**, 46 A.3d 693, 704 (Pa. 2012) (concluding Commonwealth had established due diligence with evidence of an internal tracking system triggered by the Magisterial District Judge's compliance with procedural rules), **with Commonwealth v. Browne**, 584 A.2d 902, 906 (Pa. 1990) (where the Commonwealth failed to establish that the district attorney's office had "simple systems in place to carry out the routine duties of the office"). All we are able to glean from the record before us is that the case lingered on the docket from September 2015 to March 2016 and that the Commonwealth made zero efforts during that time to have Appellant's case listed for trial.

Because the Commonwealth offered no evidence whatsoever concerning its efforts to bring Appellant to trial in a timely fashion, we must conclude that the trial court erred in denying Appellant's Rule 600 motion on the basis that the Commonwealth met its burden of proving that it had exercised due diligence. **See**, **e.g.**, **Commonwealth v. Johnson**, 852 A.2d 315, 318 (Pa. Super. 2004) (vacating judgment of sentence and discharging Johnson because "there was a dearth of evidence to support the Commonwealth's arguments, and it therefore did not carry its burden to

establish due diligence in bringing Johnson to trial within the required time").[7]

Judgment of sentence vacated. Appellant is discharged.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017

---

[7] The trial court in its opinion references statements made by counsel for the Commonwealth during argument on the Rule 600 motion that she had sent emails to the trial court "urging expedited scheduling" of the trial. TCO, 9/9/2016, at 8. However, as the trial court acknowledges, there is no record evidence to support this argument, as "[t]hese emails were not proffered," *id.* at 8; and "'unsworn representations of counsel are not evidence.'" *Id.* at 9 (quoting *Johnson*, 852 A.2d at 318).