## Jackson Appeal.

Argued December 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Irene H. Cotton,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Lewis P. Mitrano,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 20, 1969:

This is an appeal from an adjudication of delinquency on the charge of conspiracy for assault with intent to kill.

Appellant maintains that the evidence introduced at his trial was insufficient to support this order. The evidence introduced by the Commonwealth consisted solely of the testimony of the complainant. In the light most favorable to the Commonwealth, it may be summarized as follows:

On December 4, 1967, complainant, 13 years old, was approached at 5:00 p.m. on a Philadelphia street by appellant, age 16, who engaged him in conversation. Complainant testified that appellant "started talking to me. And he walked up to me first, and these guys, they walked up behind me. He was standing on the side of me, talking to me, and then the boy that was behind me, he had a zip, and he shot it. I didn't know, you know. And then he kept talking to me, and then he told me to take off my jacket, and I took it off. And then he asked me was I bleeding. And then I said no. And then these other guys—this guy was walking down the street on the other side of the street. So then the other guys, they walked around the street, and that's all that happened."

Further, he added "And then I think that's about when I heard the shot, and I snatched my arm, like this (indicating), and then (appellant) said, 'Have you ever been shot before?' And I said no.

"Then he said, 'You're bleeding ain't you?' And then he said, 'Take off your jacket.' And I took off my jacket, and I had on a sweater.

"And then he said, 'Are you bleeding?' and like this (indicating). And I said no. And then that's when I saw the guy on the other side of the street, some guy I knew. And then he said something else, and then he went across the street with the guy on the other side of the street, and they walked off."

At no time did complainant notice any communication between appellant and the assailants or any weapon in appellant's possession.

On these facts, the causal relationship between appellant's action in stopping complainant on the street and the subsequent attack on him is too speculative and tenuous to support a delinquency order.

In arriving at this conclusion we need not decide whether in light of *In re Gault*, 387 U.S. 1 (1967), the Commonwealth's allegations must now be proved beyond a reasonable doubt. Under any standard, the order must be stricken because the evidence adduced does not support the findings of the court.[1]

The District Attorney suggests that appellant "set up" the victim of the attack. The proof at trial, however, has palpably failed to demonstrate that this, in fact, occurred.

The Commonwealth has only proved that appellant was present at the time of the attack. It has not shown, however, his participation in that enterprise with the degree of certitude required for an order to be sustained. No amount of "reading between the lines" can substitute for the requisite prima facie showing of conspiracy.

In summary then, there was no evidence that appellant and the boys who shot complainant planned the incident. In fact, there is no evidence at all in the record that they knew one another. Moreover, the facts themselves reflect that the appellant exhibited a sense of sympathy and concern which would not be expected of one accused in the crime herein. He neither ran away nor sought to hide. Rather, as the complain-

---

[1] Cf. *Holmes Appeal*, 175 Pa. Superior Ct. 137, 146, 103 A. 2d 454 (1954), affirmed 379 Pa. 599, 109 A. 2d 523, cert. denied, 348 U.S. 973, the "basic findings (of the Juvenile Court) must be supported by evidence. . . . The record must be legally and factually adequate to sustain the findings of fact and order of commitment." "A record destitute of any facts justifying the commitment of a minor would require a reversal." *Weintraub Appeal*, 166 Pa. Superior Ct. 342, 71 A. 2d 823 (1950).

ant's own testimony indicates, he continued to talk to complainant. He told him to take off his jacket and then walked away. Under these circumstances, to find that this boy conspired with the unidentified assailants is to ignore the totality of the situation.

Order reversed with charges dismissed and appellant discharged.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of Judge GUTOWICZ below.