Bethea Appeal.

Argued June 12, 1969. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Lois G. Forer,* with her *Daniel H. Shertzer,* for appellant.

*Henry J. Rutherford,* Assistant District Attorney, with him *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 11, 1969:

Appellant, a sixteen year old boy, was committed in 1968 by the Juvenile Court of Lancaster County to the State Correctional Institution at Camp Hill, a maximum security prison for adjudged delinquents and youthful criminal offenders. This commitment for an indefinite term may extend for five years until appellant reaches age twenty-one at which time the Juvenile Court will lose jurisdiction over him. See *Commonwealth v. Williams,* 432 Pa. 44, 246 A. 2d 356 (1968).

The basis for this commitment, as stated by the Juvenile Court is for "violation of parole" arising from prior commitments pursuant to the Juvenile Court Act. The Juvenile Court did not make a finding of delinquency in the instant hearing. Rather, it found only that appellant had violated his "parole" status which arose from prior commitment proceedings.

In this appeal, therefore, appellant attacks his prior commitments on the basis that he was denied due process of law.

The nature of those commitments have been described by the lower court as follows:

"Petitioner's first appearance in Juvenile Court was on October 5, 1965 on the charge of larceny of money and after hearing he was placed on probation in the custody of his parents . . . .

"On September 8, 1966 petitioner was again heard in Juvenile Court on the charge of an attempt to assault and robbery and after a hearing thereon he was committed to the Glen Mills School for Boys. On October 14, 1968 he was released from the Glen Mills School on parole."

No transcript of these proceedings is available to us, nor has the lower court conducted an evidentiary hearing to ascertain the manner in which such proceedings were held.

In light of this silent record, it is impossible to determine whether appellant's prior commitments were proper, either (1) under the standard principle of fairness applied prior to *In re: Gault,* 387 U.S. 1 (1967) or (2) under the standards enunciated in *Gault* if *Gault* is to be applied retroactively.

Thus, although the lower court has stated that "it must be conceded that not all of the rules of the Gault case were followed in these two original proceedings," we do not deem it advisable to explicitly determine whether *Gault* is to be applied retroactively. Even if *Gault* is not retroactive, appellant's original commitment may under pre-*Gault* standards have been illegal.[1]

This case, therefore, is remanded to the lower court so that an evidentiary hearing can be held and the determination be made. Pending such determination, appellant is to be released from Camp Hill and placed in the custody of his parents.[2]

WRIGHT, P. J., would affirm on the opinion of President Judge WISSLER.

---

[1] See *Jackson Appeal,* 214 Pa. Superior Ct. 156, 251 A. 2d 711 (1969), wherein we noted that in pre-*Gault* cases, basic findings of the Juvenile Court must be supported by evidence and that the record must be legally and factually adequate to sustain the findings of fact and order of commitment.

[2] We need not reach the other substantial questions raised by appellant which include whether his commitment to Camp Hill as a "parole violator" is authorized by the Juvenile Court Act and whether such commitment denies him equal protection of the law.