560 A.2d 1390

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Theodore Richard STELTZ, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 13, 1989.

Decided June 30, 1989.

Joseph C. Giebus, Asst. Dist. Atty., for appellant.

Al Flora, Jr., Wilkes–Barre, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

Appellee, Theodore Steltz, was charged with three counts each of involuntary deviate sexual intercourse, indecent assault, and corruption of· minors.[1] Complaints on the above charges were filed on August 29, 1986, and appellee was arraigned on November 14, 1986. He was released on his own recognizance, five thousand dollars ($5,000.00) bail. Trial was scheduled on the criminal list for February 9, 1987. The original Rule 1100[2] expiration date was February 28, 1987.[3] On Monday, February 9, 1987 appellee appeared for the call of the trial list. At approximately 3:00 p.m. jury selection was scheduled to begin and a jury panel was selected. Voir dire however did not begin because the appellee was not present and could not be located by his attorney. The trial judge ordered a recess until 9:30 a.m. February 10, 1987, and issued a capias on that date when he failed to appear. He was apprehended eleven days later and a new trial date was set for May 4, 1987. On that date the appellee filed application for dismissal under Rule 1100,

1. The alleged crimes were committed against a six year-old boy.
2. Rule 1100 of the Pennsylvania Rules of Criminal Procedure.
3. We note that Rule 1100(a)(3) now provides that in cases, such as this, where the defendant is at liberty on bail, trial is to commence no later than three hundred sixty-five (365) days from the date on which the complaint is filed.

alleging that more than 180 days had run. Indeed they did, and they did because he absented himself on the day set for trial within the purview of Rule 1100. The trial court and the Superior Court treated this case as a chronological quiddity; whether his eleven day voluntary absence should, or should not, be computed for Rule 1100. The trial court granted appellee's motion to dismiss and the Superior Court affirmed. 376 Pa.Super. 643, 541 A.2d 794. We will not.

One's voluntary absence from a day set for trial within Rule 1100 is a waiver of that rule. Therefore, his trial thereafter is, at the reasonable convenience of the court and the prosecuting authorities. Rule 1100 is a procedural rule designed to give reasonable parameters for the commencement of trial.

It is a benefit to one charged that a trial date will be known as closely as possible on our crowded dockets. A trial date for one person is a delay for another. When they voluntarily absent themselves, for whatever reason, they go to the end of the line and must wait their turn after the convenience of the others their absence delayed. We cannot, with limited facilities, let one set the rules according to their whim, convenience or wrong. Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.

ZAPPALA, J., dissents.