J-S55014-14

2014 PA Super 222

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| BRIAN FEENEY, | |
| Appellee | No. 2764 EDA 2013 |

Appeal from the Order Entered August 28, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0007273-2011

BEFORE: BOWES, SHOGAN, and OTT, JJ.

OPINION BY BOWES, J.: **FILED OCTOBER 07, 2014**

The Commonwealth appeals from the August 28, 2013 order affirming the dismissal of this action against Appellee Brian Feeney based upon the Commonwealth's violation of Pa.R.Crim.P. 1013. As the trial court disregarded directly applicable Supreme Court precedent, we reverse.

On February 19, 2011,[1] Feeney was charged with driving under the influence of alcohol. At 7:00 p.m. on the day in question, Philadelphia Police Officer Dennis Johnson was in a marked cruiser stopped at the traffic light that controls the intersection of Harbison and Robbins Streets in Philadelphia. Officer Johnson observed Feeney travel through a steady red light and nearly cause an accident. He initiated a traffic stop. Feeney "had

---

[1] The Commonwealth mistakenly lists the arrest date as January 19th.

a strong odor of alcohol coming from his breath, bloodshot eyes, slurred speech." N.T. Hearing, 8/15/11, at 14. Feeney was asked to exit his vehicle and was unable to maintain his balance. Officer Johnson had to catch him to keep him from falling and placed him under arrest for DUI. Feeney's arraignment was conducted the next day.

Trial was originally scheduled for May 11, 2011, when the Commonwealth was prepared to proceed. Feeney asked for discovery consisting of a videotape of the incident, which did not exist. In June 2011, Feeney filed a motion to suppress, a hearing on that motion occurred on August 15, 2011, and it was denied.

Trial was scheduled for October 7, 2011, but Feeney "failed to appear. The defense attorney accepted service." N.T. Motion, 5/1/13, at 5. Trial was rescheduled for December 16, 2011. The Commonwealth could not proceed on that date because one of its police witnesses was unable to arrive in court on schedule due to a family emergency. The Commonwealth was ready to try the matter at the next two scheduled trial dates, February 15, 2012, and April 4, 2012, but Feeney asked that the matter be continued.

Trial was re-scheduled for May 25, 2012, when the Commonwealth witnesses were present, and it was prepared to prosecute Feeney. Feeney failed to appear because he did not want to miss work. *Id*. at 7-8. A bench warrant was issued for his arrest but was subsequently lifted. There were

six subsequent trial listings; three were continued at the defense's request and the Commonwealth was not able to proceed on the other three dates due to the absence of one of its witnesses.

On May 1, 2013, Appellant filed a motion to dismiss under Rule 1013, which was granted by the Honorable Charles Hayden sitting in the Municipal Court of Philadelphia. At that time, the Commonwealth maintained that Feeney waived his right to litigate the Rule 1013 motion when he failed to appear for trial on two occasions. *Id*. at 13.

Feeney countered that, while he did not appear for trial at two of the listings, his failure to do so was not willfully deliberate. He offered no explanation for his lack of appearance on October 7, 2011. As to the May 25, 2012 listing, Feeney said that his boss called him and told him that he had to come to work. After Judge Hayden dismissed the case based upon the Commonwealth's violation of Rule 1013, the Commonwealth appealed that decision to the court of common pleas, which affirmed. This appeal followed. The Commonwealth presents a single issue: "Did the Common Pleas Court, sitting as an appellate court, err in affirming the Municipal Court's discharge of defendant under Pa.R.Crim.P. 1013 where defendant waived his claim by twice failing to appear on days scheduled for trial?" Commonwealth's brief at 3.

Initially, we note that our standard of review in this context is defined by case law to be the same as the standard applied by Pa.R.Crim.P. 600:

Our standard of review for evaluating claims brought pursuant to Rule of Criminal Procedure 1013 is the same as that applied to claims made under Rule of Criminal Procedure 600. The purpose of the rules is similar, **and the case law applies equally to both**. When considering any "speedy trial" claim, the proper scope of review is limited to the evidence on the record from the evidentiary hearing and the findings of the trial court. . . . In assessing a Rule 1013 issue, we are confined to determining whether the trial court committed an "abuse of discretion" in reaching its decision.

*Commonwealth v. Lynch*, 57 A.3d 120, 123 (Pa.Super. 2012) (emphasis added) (quoting *Commonwealth v. Preston,* 904 A.2d 1, 9 (Pa.Super. 2006) (*en banc*)).

Two Supreme Court decisions are pertinent to the Commonwealth's position herein. We first examine *Commonwealth v. Steltz*, 560 A.2d 1390 (Pa. 1989), which was the origin of this waiver principle. Therein, the court examined former Pa.R.Crim.P. 1100, now embodied in Rule 600. The defendant was charged with various sexual crimes, and his trial was scheduled within his Rule 1100 run date. The defendant originally appeared, but was not present when jury selection was set to begin, so the trial could not proceed. The defendant was arrested shortly thereafter and was not tried until three months later. While the trial court dismissed under Rule 1100, the Court reversed that decision.

Our Supreme Court's holding was explicit, "One's voluntary absence from a day set for trial within Rule 1100 is a waiver of that rule. Therefore, his trial thereafter is at the reasonable convenience of the court and the prosecuting authorities." *Id*. at 1391. It observed that the rule of criminal

- 4 -

procedure governing the commencement of trial "is a procedural rule designed to give reasonable parameters for the commencement of trial" and that it is designed to benefit the accused. *Id*. It continued that, when defendants voluntarily absent themselves "for whatever reason," from a scheduled trial, they must wait their "turn [for trial] after the convenience of the others their absence delayed. We cannot, with limited facilities, let one set the rules according to their whim, convenience or wrong." *Id*.

That holding was recently applied in *Commonwealth v. Brock*, 61 A.3d 1015 (Pa. 2013). Therein, the court ruled that a defendant waives his right to seek dismissal under Rule 600 "by failing to appear for a trial listing." *Id*. at 1016. In that case, Brock's trial was continued a number of times, but was eventually listed for trial about twenty-one months after the charges had been filed. He did not appear at that time, and a bench warrant was issued for his arrest. Police went to his home once to serve the warrant, but made no efforts thereafter to locate Brock. He was arrested on unrelated charges about eleven months later. Sixteen months after his arrest, Brock maintained that the charges should be dismissed under Rule 600. The trial court dismissed the charges, reasoning that there was no due diligence in prosecuting Brock from the time prosecutors were notified that he was arrested until he sought dismissal under Rule 600, and we affirmed.

Our Supreme Court reversed. It ruled that Brock waived his right to pursue a motion to dismiss under Rule 600 when he was not present at the

scheduled trial, despite the fact that the Commonwealth made no effort to try Brock for 244 days after it was notified that he was in police custody. The Supreme Court ruled that **Steltz** applied. It noted that the speedy trial rule was fashioned to prevent prosecutorial delay, and that when a defendant "deliberately fails to appear in court on the day his case is listed for trial, these concerns simply are not implicated." **Id**. at 1022. It concluded that any voluntary failure on the part of the defendant to appear for a listed trial results in his inability to seek dismissal under Rule 600. The court noted that its ruling did not implicate the constitutional right to a speedy trial. **Id**. at n.7.

It is readily apparent that **Steltz** and **Brock** apply herein. Feeney's trial was scheduled for October 7, 2011, which, in this case, was well within the parameters of the mandates of Rule 1013 (A)(1). That Rule states that, "Trial in a Municipal Court case shall commence no later than 180 days from the date on which the preliminary arraignment is held." Feeney's arraignment was on February 20, 2011. On May 11, 2011, a continuance was granted at defense request, in order to obtain nonexistent discovery. Delays caused by defendant extend the run date. **Commonwealth v. Claffey**, 80 A.3d 780 (Pa.Super. 2013). At the next scheduled trial, June 27, 2011, Feeney's motion to suppress was filed, and it was not resolved until August 15, 2011. As we noted in **Commonwealth v. Cook**, 865 A.2d 869 (Pa.Super. 2004), time spent litigating a motion to suppress extends the

run date so long as the Commonwealth was diligent in opposing the motion. The run date was therefore extended by ninety-five days due to defendant's motions and continuances. Feeney's trial was scheduled on October 7, 2011, within the extended run date. He did not appear at that time, offered absolutely no excuse for that failure, and the Commonwealth was prepared to proceed to try him that day. Hence, Feeney waived his right to litigate a Rule 1013 motion after that time. Trial was solely within the convenience of the Commonwealth after Feeney's totally unexplained absence from the October 7, 2011 trial listing, where the Commonwealth was fully prepared to proceed.

In rejecting the Commonwealth's position that Feeney waived his right to litigate a Pa.R.Crim.P. 1013 motion, the court reasoned as follows

> [T]he defendant did not waive his claim by twice failing to appear on days scheduled for trial. On October 7, 2011, Defense Counsel Joseph Kelly signed on behalf of his client in courtroom 1003 and the Commonwealth did not raise any objection. On May 25, 2012, the lower court determined that Mr. Feeney did arrive on time for the hearing—just before that hearing commenced, however, Mr. Feeney departed the court due to exigent circumstances. Mr. Feeney was assured by his counsel that this would not be a problem or issue. The lower court, as finder of fact, did not determine that Mr. Feeney had **deliberately** failed to appear for trial on either occasion.

Trial Court Opinion, 1/10/14, at 5 (emphasis in original).

The flaw in the trial court's analysis is as follows. Feeney did not come to trial on October 7, 2011. Feeney proffered absolutely no excuse for this default, so it must be characterized as deliberate. Rather than properly

examine whether the failure was volitional, the trial court engaged in a waiver-type analysis against the Commonwealth. It noted that defense counsel signed for the next trial date and that the Commonwealth did not object. The Commonwealth did not, by this action, waive its present contention. It was not, at that point, faced with a motion to dismiss based upon Rule 1013. There was no reason to object to Feeney's attorney's signature indicating that Feeney would appear for the next scheduled trial date.

The Commonwealth properly raised its position that Feeney waived his Rule 1013 rights at both hearings on Feeney's Rule 1013 motion. Feeney waived his right to litigate a motion to dismiss due to his voluntary absence on October 7, 2011. The irrefutable fact is that Feeney was not present at the October 7, 2011 trial listing. There was not a single indication that his absence was involuntary. His attorney's willingness to accept service does not mean that Feeney's absence when the Commonwealth was ready to trial him renders **Brock's** reasoning inapplicable.

Furthermore, Feeney waived his Rule 1013 rights a second time when he decided to go to work rather than stay for trial on May 25, 2012. This action was volitional, regardless of whether he felt compelled to do so due to his employer's pressure to appear at work. The issue herein is whether Feeney should be able to benefit from a trial scheduling mandate designed to protect him when he could have appeared both in October 2011 and

stayed at the trial scheduled in May 2012. The Commonwealth was prepared to proceed both times. Feeney waived the Rule's protections due to these lapses.

Order reversed. Case remanded for trial. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2014