J-S15005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT BAILEY, | |
| Appellant | No. 315 EDA 2015 |

Appeal from the Judgment of Sentence Entered December 8, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0006711-2013
CP-51-CR-0006732-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED MARCH 03, 2016**

Appellant, Robert Bailey, appeals from the judgment of sentence of seven years' probation, imposed after he was convicted, following a non-jury trial, of operating a chop shop, criminal conspiracy, theft, and other related offenses.  Herein, Appellant challenges the court's denial of his pretrial motion to dismiss under Pa.R.Crim.P. 600, as well as the sufficiency of the evidence to sustain his conviction of criminal conspiracy.  After careful review, we affirm.

Briefly, Appellant's convictions stem from his participation in a chop shop operation involving multiple stolen vehicles.  An initial criminal

---

[*] Retired Senior Judge assigned to the Superior Court.

complaint was filed against Appellant on September 11, 2012. Appellant's preliminary hearing was scheduled and rescheduled several times at the Commonwealth's request. On March 5, 2013, the Commonwealth withdrew the complaint.

On May 1, 2013, the Commonwealth refiled an identical complaint against Appellant. After several more continuances, Appellant's trial finally occurred on September 24, 2014. At the start of that proceeding, Appellant moved to dismiss the charges against him under Rule 600, alleging a violation of his speedy-trial rights. After hearing argument on the motion by both parties, the court denied the motion. Appellant then waived his right to a jury trial, and a non-jury trial commenced. At the close thereof, the court convicted Appellant of operating a chop shop, 18 Pa.C.S. § 7702; criminal conspiracy, 18 Pa.C.S. § 903; destruction of a vehicle identification number (VIN), 18 Pa.C.S. § 7703; theft by unlawful taking, 18 Pa.C.S. § 3921; theft by receiving stolen property, 18 Pa.C.S. § 3925; and possessing an instrument of crime, 18 Pa.C.S. § 907.

On December 8, 2014, Appellant was sentenced to an aggregate term of seven years' probation. He filed a timely motion for reconsideration, which was denied. Appellant then filed a timely notice of appeal, and also filed a timely, court-ordered Pa.R.A.P. 1925(b) statement. On June 9, 2015, the court filed a Rule 1925(a) opinion. Herein, Appellant presents two issues for our review:

1. Did not the lower court err in denying [Appellant's] motion to dismiss pursuant to [Rule] 600 where [Appellant] was tried after the run[]date and the Commonwealth did not exercise due diligence throughout the period from the filing of the first complaint until the Commonwealth withdrew the charges on the first complaint?

2. Was not the evidence insufficient[,] as a matter of law[,] to sustain [A]ppellant's convictions[,] as he was merely present and did not have a culpable *mens rea*[,] and there was absolutely no evidence, either direct or circumstantial, that there was an agreement between the owner of an illegal automobile chop shop and [A]ppellant to engage in the illegal operations?

Appellant's Brief at 4.

Appellant first challenges the trial court's denial of his motion to dismiss the charges against him premised on a violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure. Rule 600 provides, in relevant part, as follows:

**Rule 600. Prompt Trial**

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

…

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due

diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

(2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation.

Pa.R.Crim.P. 600.[1]

Before addressing the specifics of Appellant's arguments, we note our standard of review:

In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review ... is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

_____

[1] This version of Rule 600 became effective on July 1, 2013. Appellant contends that the court erred by analyzing his Rule 600 issue under this new version of the rule, as "most dates involved in the instant case occurred when the old rule was in effect." Appellant's Brief at 12 n.3. Appellant presents this argument in a footnote with very little development, and he cites no legal authority to support his position. He also does not explain how the trial court's utilizing the 'new rule' impacted its analysis of his Rule 600 issue. At the time Appellant filed his Rule 600 motion and the court decided it, the new version of Rule 600 was in effect. Consequently, Appellant has failed to convince us that the court erred by analyzing Appellant's motion to dismiss pursuant to the current version of Rule 600.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Ramos*, 936 A.2d 1097, 1100-1101 (Pa. Super. 2007) (*en banc*) (internal citations omitted) (quoting *Commonwealth v. Hunt*, 858 A.2d 1234, 1238-1239 (Pa. Super. 2004) (*en banc*) (internal citations and quotation marks omitted)).

In assessing Appellant's Rule 600 claim, we begin by determining the 'mechanical run date,' excludable time, and 'adjusted run date.'

As the text of Rule 600(A) makes clear, the mechanical run date comes 365 days after the date the complaint is filed. We then calculate an adjusted run date pursuant to Rule 600(C). Rule 600(C) expressly provides that certain time periods are to be excluded from the calculation of the Rule 600 run date. Our Courts have referred to the time periods specified in Rule 600(C) as "excludable time."

Pursuant to Rule 600(A) and (C), we calculate the mechanical and adjusted run dates as follows:

The mechanical run date is the date by which the trial must commence under [Rule 600]. It is calculated by adding 365 days (the time for commencing trial under [Rule 600] to the date on which the criminal complaint is filed. As discussed herein, the mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

If the defendant's trial commences prior to the adjusted run date, we need go no further.

*Ramos*, 936 A.2d at 1101-02 (citations omitted).

Here, we will accept, as did the trial court, Appellant's argument that our Rule 600 calculations should begin on the date of the filing of the first complaint (*i.e.*, September 11, 2012), making the mechanical run date September 11, 2013. We will also accept, for argument sake, his assertion that the Commonwealth must be charged for all of the time that passed between when the initial complaint was filed, and May 1, 2013, when the complaint was refiled.[2]

_____

[2] The trial court "did not attribute the [57] days between the withdrawal of charges and the refiling as delay attributable to the Commonwealth, as there was no indication that the withdrawal of charges was done to circumvent Appellant's speedy trial right." TCO at 4-5 (citation omitted). For the reasons stated, *infra*, even if those 57 days should have been included, as Appellant argues, his trial was still conducted prior to the adjusted run date. Accordingly, we need not rule on whether the trial court erred in this regard.

The trial court docket indicates that, at a pretrial conference on July 10, 2013, the case was continued at Appellant's request, after he rejected a plea agreement proposed by the Commonwealth. Appellant does not explain why the defense-requested delay between July 10, 2013, and the next scheduled trial date of September 25, 2013, should not be excluded from the Rule 600 calculations. The trial court concluded that this time was *not* attributable to the Commonwealth. **See** TCO at 3. Because the record supports that determination, we agree with the court that the delay between July 10th and September 25th of 2013 is excludable. Adding these 77 days to the mechanical run date results in an adjusted run date of November 27, 2013.

On the first two scheduled trial dates - September 25th and November 19th of 2013 – Appellant requested continuances, and the case was ultimately listed for trial on January 16, 2014. Appellant conceded at the Rule 600 hearing that this delay was attributable to the defense and constituted "normal excludable time." N.T. Trial, 9/24/14, at 8.[3] Adding this

---

[3] On appeal, Appellant presents a novel argument that the defense-requested continuances on September 25, 2013, and November 19, 2013, should not be excludable because "part of the reason for the delay was that discovery was not completed." Appellant's Brief at 20. In light of Appellant's concession at the Rule 600 hearing that the delay between September 25, 2013, and June 19, 2014, was excludable time, we will not address his novel appellate argument that this time should not be excluded for Rule 600 purposes. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

113-day delay to the November 27, 2013 run date results in an adjusted run date of March 20, 2014.

On January 16, 2014, the docket indicates that the defense requested another continuance "for notes of testimony." Docket Entry, 1/16/14. The record also states that Appellant failed to appear that day for trial. The case was relisted for March 25, 2014, and Appellant again failed to appear, resulting in another defense-requested continuance until June 19, 2014.[4] At the Rule 600 hearing, Appellant conceded that the delay between January 16th and June 19th of 2014 was excludable time. N.T. at 8. Adding this 154-day delay to the run date results in an adjusted run date of August 21, 2014.

On June 19, 2014, the Commonwealth requested a continuance based on "missing discovery." Docket Entry, 6/19/14. Appellant's trial was rescheduled for, and ultimately conducted on, September 24, 2014, outside the adjusted run date of August 21, 2014. Consequently, we must determine,

---

[4] The Commonwealth contends that Appellant's failure to appear at the two trial listings in January and March of 2014 waives his Rule 600 challenge. Commonwealth's Brief at 7-8 (citing *Commonwealth v. Brock*, 61 A.3d 1015, 1022 (Pa. 2013); *Commonwealth v. Steltz*, 560 A.2d 1390, 1391 (Pa. 1989)). However, the docket suggests that Appellant may not have been served with notice of those two trial dates. Moreover, the trial court did not address whether Appellant waived his Rule 600 claim on this basis. Accordingly, in an abundance of caution, we decline to apply waiver under these circumstances.

whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. ***See, e.g., Commonwealth v. Dixon***, 589 Pa. 28, 907 A.2d 468 (2006); ***Commonwealth v. Matis***, 551 Pa. 220, 710 A.2d 12 (1998). If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. ***See, e.g. Commonwealth v. Browne***, 526 Pa. 83, 584 A.2d 902 (1990); ***Commonwealth v. Genovese***, 493 Pa. 65, 425 A.2d 367 (1981). In determining whether the Commonwealth has exercised due diligence, the courts have explained that "[d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***See, e.g., Commonwealth v. Selenski***, 606 Pa 51, 61, 994 A.2d 1083, 1089 (Pa. 2010) (citing ***Commonwealth v. Hill*** and ***Commonwealth v. Cornell***, 558 Pa. 238, 256, 736 A.2d 578, 588 (1999)).

Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time. ***See, e.g., Commonwealth v. Crowley***, 502 Pa. 393, 466 A.2d 1009 (1983). However, when the delay attributable to the court is so egregious that a constitutional right has been impaired, the court cannot be excused for postponing the defendant's trial and the delay will not be excluded. ***See Commonwealth v. Africa***, 524 Pa. 118, 569 A.2d 920 (1990).

Comment to Pa.R.Crim.P. 600.

Here, at the Rule 600 hearing, the Commonwealth argued that the time between July 2nd and September 24th of 2014, should be excluded from the Rule 600 calculations. The Commonwealth explained that when it requested a continuance on June 19, 2014, it asked that the case be listed for trial on July 2, 2014, "when [Appellant's] co[-]defendant was listed…."[5]

_____

[5] Appellant was initially charged alongside a co-defendant, Kevin Creedon, who owned K Squad Salvage Yard, where the illegal chop shop operation was taking place.

N.T. at 11-12.  That trial date would have been before the adjusted run date of August 21, 2014.  However, "the court's calendar was full" on July 2, 2014, and the next date on which both Appellant and his co-defendant could be jointly tried was September 24, 2014.  ***See id.*** at 12.  While Appellant's co-defendant ultimately pled guilty prior to the September 24, 2014 trial, the Commonwealth asserted that the delay between July 2nd and September 24th of 2014 was not a result of a lack of due diligence by the Commonwealth.  ***Id.***

The trial court docket entry for June 19, 2014, confirms the Commonwealth's claim, stating: "[C]ommonwealth requested to list on 7-2-14 with co[-]defendant, ***its [sic] not feasible per court calendar***, ***next court date 9-24-14***…."  ***See*** Trial Court Docket Entry, 6/19/14 (emphasis added).  In other words, the record supports the Commonwealth's claim that it was ready to try Appellant's case on July 2, 2014 – prior to the expiration of the adjusted run date of August 21, 2014 – but it was unable to do so based on the unavailability of the court on that date.  This Court has previously stated that we "will find that the Commonwealth acted with due diligence if, prior to the expiration of the adjusted run date, the prosecutor indicates readiness to try the case and requests the earliest possible trial date consistent with the … court's business."  ***Commonwealth v. Preston***, 920 A.2d 1, 13 (Pa. Super. 2006) (citation omitted).  Additionally, "[i]t is long-established that judicial delay may serve as a basis for extending the period of time within which the Commonwealth may commence trial where

- 10 -

'the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court[,] because of scheduling difficulties or the like[,] is unavailable.'" ***Commonwealth v. Malgieri***, 889 A.2d 604, 607-08 (Pa. Super. 2005) (citations omitted).

Applying these principles here, we conclude that the Commonwealth exercised due diligence in attempting to bring Appellant to trial on July 2, 2014. Moreover, nothing in the record suggests that the judicial delay in this case was so egregious as to impair Appellant's constitutional rights. Thus, the 84-day delay between July 2nd and September 24th of 2014 is excludable time, making the adjusted run date November 13, 2014.[6] As Appellant's trial was conducted before the adjusted run date, the court did not abuse its discretion in denying his Rule 600 motion to dismiss.[7]

---

[6] Notably, Appellant offers no discussion of the time-period between July 2nd and September 24th of 2014, nor raises any challenge to the Commonwealth's claim that it acted with due diligence during this period.

[7] We acknowledge that the trial court utilized slightly a different calculation to conclude that no Rule 600 violation occurred; however, this Court is permitted to affirm the trial court "on any valid basis, as long as the court came to the correct result…." ***Wilson v. Transport Ins. Co.***, 889 A.2d 563, 577 n.4 (Pa. Super. 2005) (citations omitted).

More specifically, as noted *supra*, the trial court did not attribute to the Commonwealth the 57 days between the withdrawal of the initial complaint and the refiling of the second complaint. **See** TCO at 4-5. Appellant challenges the court's decision not to credit that time. However, based on our disposition, *supra*, it is unnecessary to assess whether the court erred in this regard. Additionally, the trial court did not attribute to the Commonwealth the 147 days "between the refile[d complaint] and the first trial listing" on September 25, 2013. ***Id.*** at 3 (citing ***Commonwealth v.***
*(Footnote Continued Next Page)*

In Appellant's second issue, he challenges the sufficiency of the evidence to sustain his convictions. To begin, we note that:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant challenges his conviction for criminal conspiracy.

> To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy. *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000). "This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." *Id.*

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

*Claffey*, 80 A.3d 780, 788 (Pa. Super. 2013) ("At the preliminary hearing, the magistrate held the case for court. Thus, the Commonwealth secured a magisterial ruling that the Commonwealth had met its *prima facie* burden. The Commonwealth moved the case forward. The Commonwealth did not delay it. The case then proceeded past the preliminary hearing, through arraignment and toward trial…."). Appellant does not challenge the court's determination that this 147-day time-period is not attributable to the Commonwealth; arguably, then, the appropriate adjusted run date would be April 9, 2015, further supporting our decision that no Rule 600 violation occurred in this case.

As our Court has further explained with respect to the agreement element of conspiracy:

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

*Commonwealth v. Johnson*, 719 A.2d 778, 784–85 (Pa. Super. 1998) (*en banc*).

*Commonwealth v. McCall*, 911 A.2d 992, 996-97 (Pa. Super. 2006).

In this case, the trial court concluded the evidence was sufficient to support Appellant's conspiracy conviction, emphasizing the following facts:

> Appellant was observed taking apart a recently stolen automobile, which had its VIN numbers removed and still contained various personal effects. Appellant was in a salvage yard where other cars were without VIN numbers. Another individual who was conversing with Mr. Creedon engaged in headlong flight when police officers appeared. Appellant gave the police a false name upon their inquiry. In examining the totality of these circumstances, the court concluded that Appellant was a knowing participant in the illegal work done at K Squad Salvage Yard, working for Mr. Creedon to take apart recently stolen cars for chop shop purposes.

TCO at 9.

Appellant, however, argues that there was no "proof of a shared criminal purpose or conduct." Appellant's Brief at 27. Instead, he contends that the evidence demonstrated that he was merely present at the scene, doing work that his employer, Mr. Creedon, instructed him to do. Appellant discusses several cases that he claims are analogous to the present facts. For instance, Appellant first relies on ***Commonwealth v. Brady***, 560 A.2d 802 (Pa. Super. 1989).

> In ***Brady,*** the defendant sat as a passenger in a car while the driver of the vehicle left the vehicle, entered a residential dwelling through a window, removed personal property, and placed the property in the trunk of the car. On this evidence, a jury found the defendant guilty of burglary but not guilty of conspiracy to commit burglary. Our Court reversed the defendant's burglary conviction because there was no evidence that the defendant exited the car or assisted the driver during these events and because the driver of the car testified that the defendant had not participated in the burglary in any way. Accordingly, the evidence was insufficient to show that the defendant was an accomplice. ***Brady,*** 560 A.2d at 806.

***Commonwealth v. Lambert***, 795 A.2d 1010, 1025 (Pa. Super. 2002).

Appellant also relies on ***Jackson Appeal***, 251 A.2d 711 (Pa. Super. 1969). According to Appellant, "on analogous facts" in that case, "this Court reversed an adjudication for assault with intent to kill where the evidence failed to prove conspiracy 'under any standard' of proof." Appellant's Brief at 27. Appellant explains,

> There, Jackson came up to the complainant and began to talk with him. As they spoke, other youths came up behind the complainant and one of them shot him. Jackson asked the complainant if he had ever been shot before and told him to take

off his jacket; there was no communication between Jackson and the assailants.

*Id.*

Finally, Appellant cites *Commonwealth v. Mitchell*, 411 A.2d 221

(Pa. Super. 1979), the facts of which he describes, as follows:

[At] about midnight, police responded within seconds to a silent alarm at a school and saw two men emerging from the school grounds. After a brief detention, the men were permitted to go on their way. Moments later, the police discovered a broken window at the rear of the building and school equipment, some of which required two men to lift, placed near an unlocked door of the building. Although the testimony showed that the two suspects had been with each other almost constantly that night, this evidence proved no more than [a] mere association between the defendant and the other man, whose fingerprints were found on one of the moved items. As there was no evidence of the defendant's having counseled or participated in the burglary, there was insufficient evidence of conspiracy.

Appellant's Brief at 28.

While Appellant avers that the facts here are analogous to those in

*Brady*, *Jackson*, and *Mitchell*, we disagree. Unlike the defendants in those

cases, Appellant was not merely present at the scene; rather, he was

actively participating in the demolition of a stolen vehicle. The car on which

he was working had an obliterated VIN number and it still contained

personal items of the car's owner. The salvage yard in which Appellant was

standing contained several other vehicles with obscured VIN numbers and

personal effects of the vehicles' owners. When police officers approached

the yard, one of the men within close proximity to Appellant fled. Then,

when the police confronted Appellant, he provided them with a false name,

- 15 -

which inferred a consciousness of guilt. ***See Commonwealth v. Robinson***, 721 A.2d 344, 352 (Pa. 1988) ("Use of an alias has been recognized as evidence of a consciousness of guilt.") (citation omitted).

Viewing these facts, in the light most favorable to the Commonwealth, it was reasonable for the fact-finder to conclude "that Appellant was a knowing participant in the illegal work done at K Squad Salvage Yard, working for Mr. Creedon to take apart recently stolen cars for chop shop purposes." TCO at 9. Accordingly, Appellant's challenge to the sufficiency of the evidence is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016