J-A07016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| DAREL BARBOUR | |
| Appellee | No. 260 WDA 2015 |

Appeal from the Order January 20, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001701-2003
CP-63-CR-0002018-2003

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                                    **FILED JULY 22, 2016**

The Commonwealth appeals from the January 20, 2015 order, granting Appellee, Darel Barbour's, motion to dismiss with prejudice pursuant to Pennsylvania Rule of Criminal Procedure 600.  After careful review, we reverse and remand for further proceedings.

The trial court summarized the relevant procedural history of these cases as follows.

> As there are two separate case numbers, and two distinct Rule 600 violations at issue, [the trial c]ourt shall address the history of each case number individually.

### 2018-2003

> On August 4, 2003, the Washington City Police Department filed a criminal complaint against [Appellee] that contained the following charges:

Accidents Involving Damage of an Attended Vehicle, 75 Pa.C.S.A. § 3743([a]), Possession of Marijuana, 35 [P.S. § 780-113(a)(30)], Driving without a License, 75 Pa.C.S.A. § 1501, and Operating a Vehicle Without Required Financial Responsibility, 75 Pa.C.S.A. § 1786. On August 28, 2003, a warrant was issued for [Appellee]'s arrest, although he had been incarcerated on August 27, 2003 at case number 1701-2013. On September 4, 2003[, Appellee] was arraigned on the charges and his bail was set at the monetary amount of $10,000. On the same date, a preliminary hearing was scheduled for September 12, 2003 before the magisterial district judge. On September 12, 2003, [Appellee] requested to continue the preliminary hearing, and it was ultimately rescheduled for October 20, 2003. On that date, [Appellee] waived the preliminary hearing and accordingly the charges were bound over to the [trial court]. During that proceeding, the magisterial district judge also modified [Appellee]'s bail to an unsecured amount of $10,000.

The next action at this case number occurred on September [14], 2004, wherein a bench warrant was issued for [Appellee]'s failure to appear. Then, on September 17, 2004, Senior Judge Bell issued another order vacating that warrant due to the "confusion regarding notice to counsel for [Appellee]." Order dated September 17, 2004. This order also stated "[t]he [Appellee] and counsel are expected to be prepared for a call of the list for the October 2004 trial term." On October 18, 2004, a bench warrant was issued for [Appellee] for "his failure to appear before the [trial c]ourt." On November 15, 2004, another bench warrant was issued for [Appellee] upon his failure to appear for trial.

**1701-2003**

On August 20, 2003, the East Washington Police Department filed a criminal complaint against [Appellee], which contained the following charges: Aggravated Assault with a Weapon, 18 Pa.C.S.A.

- 2 -

§ 2702(a)(4), Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705, two counts of Robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii), two counts of Theft by Unlawful Taking, 18 Pa.C.S.A. § 3921(a), and Criminal Conspiracy, 18 Pa.C.S.A. § 903(a)(1). On the same date, a warrant was issued for [Appellee]'s arrest by the magisterial district judge. Thereafter, on August 27, 2003, [Appellee] was arraigned and then placed in the Washington County Correctional Facility. On September 2, 2003, Attorney Gary Graminski was appointed as conflict counsel to represent [Appellee].

On September 4, 2003, a preliminary hearing was scheduled, and following a hearing, all of the aforementioned charges were held for court. The record indicated that on November 20, 2003, the Honorable Senior Judge John F. Bell scheduled a bond reduction hearing for [Appellee] at this case number, but apparently the hearing was never held and no action was ever taken. Thereafter, on March 5, 2004, a Rule 600 nominal bail hearing took place before Senior Judge Bell. After a hearing, Senior Judge Bell issued the following order:

> AND NOW, this 5 day of March, 2004, upon [Appellee]'s Motion to place [Appellee] on nominal bond under the Pennsylvania Rules of Criminal Procedure 600; i.e. [Appellee] has been incarcerated since August 20, 2003, and there have been no time periods excluded for continuances or unavailability, therefore, under the Rule [Appellee] is entitled to be released from the Washington County Correctional Facility upon nominal bond.

Order [docketed] March 8, 2004. Accordingly, [Appellee] was released upon nominal bond from incarceration.

According to the official docket, the next action taken at this case number was a bench warrant issued for [Appellee] on September 14, 2004. Then, on September 17, 2004, Senior Judge Bell issued an

- 3 -

order vacating that warrant due to the "confusion regarding notice to counsel for [Appellee]." Order dated September 17, 2004. This order also stated "[t]he [Appellee] and counsel are expected to be prepared for a call of the list for the October 2004 trial term." *Id.* On October 18, 2004, Senior Judge Thomas D. Gladden issued a bench warrant for [Appellee] upon his failure to appear for court. On November 15, 2004, another bench warrant was issued for [Appellee] because he failed to appear for trial.

## **Procedural History after September 9, 2014**

On September 8, 2014, [Appellee] was arrested on the outstanding warrants described above. On September 9, 2014, [Appellee] appeared before th[e trial c]ourt for a bench warrant hearing and the [trial c]ourt lifted the warrant, set [Appellee]'s bail at the monetary amount of $10,000, with 10% acceptable at each case number, and scheduled the cases for a plea hearing on September 29, 2014. On September 29, 2014, [Appellee] requested a jury trial for both cases, and he was then scheduled by th[e trial c]ourt to begin trial on October 20, 2014. Subsequently, on October 3, 2014, [Appellee]'s counsel filed a Motion to Dismiss Pursuant to [Rule] 600 for both case numbers, and the [trial c]ourt scheduled a hearing for this matter on December 29, 2014 at 9:30 a.m.

…

ADA [Josh] Carroll was the only witness who testified at the hearing. Assistant District Attorney Ride and Defense Attorney Camson presented oral argument on the matter. Following the hearing, the [t]rial [c]ourt issued a briefing schedule. On January 20, 2015, in consideration of the Motion to Dismiss Pursuant to Rule 600 filed by [Appellee], and after a review of the briefs submitted by the parties, testimony presented at the hearing on December 29, 2014, pertinent case law, and the official record, the

> [t]rial [c]ourt dismissed all charges filed at the above-captioned case numbers with prejudice.

Trial Court Opinion, 4/2/15, at 1-4, 7-8 (footnotes omitted). On February 9, 2015, the Commonwealth filed a timely notice of appeal.[1]

On appeal, the Commonwealth raises the following issue for our review.

> I. Did the [t]rial [c]ourt err in dismissing the charges at both case numbers for a violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure?

Commonwealth's Brief at 7.

We begin by noting our well-settled standard of review regarding Rule 600. "When reviewing a trial court's decision in a Rule 600 case, an appellate court will reverse only if the trial court abused its discretion." ***Commonwealth v. Bradford***, 46 A.3d 693, 700 (Pa. 2012).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review … is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

---

[1] The Commonwealth and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

…

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters …, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

**Commonwealth v. Peterson**, 19 A.3d 1131, 1134 (Pa. Super. 2011) (*en banc*) (citations omitted), *affirmed*, 44 A.3d 655 (Pa. 2012).

We elect to address only the Commonwealth's waiver argument, as it disposes of the entire appeal. The Commonwealth avers that Appellee waived his Rule 600 rights by failing to appear when his case was called for trial on October 18, 2004. Commonwealth's Brief at 21. Appellee acknowledges that he did not appear on this date.[2] Appellee's Brief at 9, 12.

In **Commonwealth v. Steltz**, 560 A.2d 1390, 1391 (Pa. 1989), the defendant was scheduled for trial on February 9, 1987 and appeared for his case to be called. **Id.** at 1390. However, when *voir dire* was scheduled to begin that afternoon, Steltz "was not present and could not be located by his attorney." **Id.** at 1391. Steltz was apprehended 11 days later and his trial

---

[2] Moreover, the certified record reveals that Appellee was served with the trial court's September 17, 2014 orders placing his case on the October 2004 trial list. Trial Court Order, 9/17/14, at 1.

- 6 -

was re-scheduled for May 4, 1987, whereas the Commonwealth's Rule 600 time period lapsed on February 28, 1987.[3] *Id.* at 1390-1391. On May 4, 1987, right before trial, Steltz filed a motion to dismiss under Rule 600. The trial court granted the motion and this Court affirmed. *Id.* at 1391.

Our Supreme Court reversed, rejecting the trial court's theory that the defendant's 11-day absence should not be counted for Rule 600 purposes. Instead, our Supreme Court adopted a broader rule of waiver, outside of the calculation of the Rule 600 period. Our Supreme Court succinctly held that "[o]ne's voluntary absence from a day set for trial within Rule [600] is a waiver of that rule." *Id.* Because Steltz voluntarily absented himself from his own trial date, "trial thereafter is, at the reasonable convenience of the court and the prosecuting authorities." *Id.* Our Supreme Court emphasized that Rule 600 is a procedural rule and was not designed to encourage gamesmanship.

> It is a benefit to one charged that a trial date will be known as closely as possible on our crowded dockets. A trial date for one person is a delay for another. When they voluntarily absent themselves, for whatever reason, they go to the end of the line and must wait their turn after the convenience of the others their absence delayed. We cannot, with limited facilities, let one set the rules according to their whim, convenience or wrong.

*Id.* Therefore, our Supreme Court remanded Steltz's case for trial. *Id.*

---

[3] We note at the time, Rule 600 was numbered as Rule 1100.

Recently in **Brock**, our Supreme Court reaffirmed **Steltz**'s viability. Brock was charged with various offenses in 2003 and after several continuances, his case was called for trial on March 8, 2005. **Id.** at 1016. However, Brock did not appear for trial and remained at large until he was arrested on unrelated charges on January 25, 2006. **Id.** On May 24, 2007, Brock made a motion for dismissal under Rule 600, which the trial court granted, and this Court affirmed. **Id.** at 1016-1017.

Our Supreme Court reversed, relevant to the instant appeal, based in part on **Steltz**. Reaffirming **Steltz**'s waiver rule, our Supreme Court again stated that "Rule 600 was designed to prevent unnecessary prosecutorial delay in bringing a defendant to trial." **Id.** at 1021.

> However, when *a defendant* deliberately fails to appear in court on the day his case is listed for trial, these concerns simply are not implicated. As we explained in **Steltz**, a trial date for one defendant is a delay for another, and the failure of a defendant to appear at any proceeding to which he was summoned impacts not only the trial judge, attorneys, and jurors, but also other defendants who are awaiting trial. The impact of the defendant's failure to appear is equally adverse regardless of the stage of the proceedings; once a case has been is [sic] listed for trial, it is irrelevant whether the defendant absents himself before the proceedings commence or after a substantive event had occurred, as in **Steltz**. A defendant cannot be permitted to frustrate the judicial process in this manner.

*Id.* at 1022 (emphasis in original). Therefore, our Supreme Court concluded that Brock's trial shall be held "at the reasonable convenience of the trial court."[4] *Id.*

Turning to this case, it is not disputed that Appellee's case was called for trial in October 2004, and that Appellee voluntarily absented himself from the grasp of the trial court for a decade. We cannot condone such behavior by permitting a defendant to file a motion to dismiss under Rule 600 after returning from ten years as a fugitive. Therefore, taking into account all of these considerations, we apply our Supreme Court's precedent that "a defendant's voluntary absence from a scheduled trial date result[s] in waiver of his rule-based right to a speedy trial."[5] *Brock*, *supra* at 1020. Applying that rule to this case, it is not contested that Appellee's case was

---

[4] The Commonwealth also relies on Justice Eakin's concurrence in ***Bradford***, in which he noted his concerns about potential gamesmanship issues inherent in the Rule 600 area. Justice Eakin noted that whether a defendant's "right[s were] violated must also take into account when the right was asserted[.]" ***Bradford***, ***supra*** at 705 (Eakin, J., concurring). In Justice Eakin's view, "the adoption of a mechanical rule whereby the passage of a specific amount of time automatically triggers the possibility of dismissal, without taking into account the circumstances mentioned in ***Barker***[ ***v. Wingo***, 407 U.S. 514 (1972)]*,* merely set the stage for a different form of evil: procedural gamesmanship." *Id.* Justice Eakin noted that Rule 600 "is not intended to afford a defendant a windfall by permitting him to sit on the right and then call foul when it is too late for the prosecution to do anything." *Id.* at 706.

[5] We express no opinion as to whether a defendant also waives his or her rights under the Sixth Amendment's Speedy Trial Clause, as it is distinct from Rule 600, and such a constitutional claim is not before us in this case.

called for trial on October 18, 2004, and Appellee did not appear. Therefore, Appellee waived his Rule 600 rights and could not file a Rule 600 motion upon his return to the trial court ten years later.

We recognize that in **Steltz** and **Brock** the defendants absconded before the Commonwealth's Rule 600 time had expired. **See generally Brock**, **supra** at 1015; **Steltz**, **supra** at 1390. However, as noted above, our Supreme Court's rule is clear, "[o]ne's voluntary absence from a day set for trial within Rule [600] is a *waiver of that rule.*" **Brock**, **supra** at 1021 (emphasis in original), *quoting* **Steltz**, **supra** at 1391. As former Chief Justice Castille eloquently stated "it is not the proper function of the lower courts to seek to narrow the plain import of [our Supreme] Court's unambiguous legal holdings." **Id.** at 1022 (Castille, C.J., concurring). Therefore, in our view, even if the Commonwealth's Rule 600 time had expired before he absconded, Appellee still waived his Rule 600 rights.

> It should be remembered that trial notices and subpoenas are not social invitations, to be declined or ignored at the whim of the defendant. Any contrary approach, at least in the context of Rule 600, would be absurd. To reward a defendant's failure to appear by invocation of Rule 600 can only act to encourage similar gaming by a defendant, and others in the future. Because of the extreme nature of the Rule 600 remedy—discharge—waiver appropriately should follow.

**Id.** at 1022-1023. Here, Appellee absconded for approximately 10 years, not merely 11 days as was in **Steltz**, or approximately 10 months as was in **Brock**. Consistent with our Supreme Court's prior cases, Appellee's trial

shall be held "at the reasonable convenience of the [trial] court and the prosecuting authorities."[6] ***Steltz***, ***supra*** at 1391; ***accord Brock***, ***supra*** at 1022.

Based on the foregoing, we conclude the trial court abused its discretion when it granted Appellee's motion to dismiss the charges with prejudice under Rule 600. ***See Bradford***, ***supra*** at 700. Accordingly, the trial court's January 20, 2015 order is reversed, and the cases are remanded for further proceedings, consistent with this memorandum.

Order reversed. Cases remanded. Jurisdiction relinquished.

Judge Bowes filed a Concurring Memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016

---

[6] In light of our disposition, we need not address the Commonwealth's remaining arguments on appeal.